Dargan, Ch.
This is a petition for a re-hearing. The first ground assumes that the petitioner, B. F. Hunt, has by the decree of this Court, been held jointly and personally liable for the debt of Bird, Savage & Bird. This is an erroneous inference. The decree of the Appeal Court of January Term, 1850, declares no personal liability against the petitioner, but establishes a lien upon the property, which, in the partition of the partnership of George and Savage Smith, had been allotted to Charles T. Brown and wife, and by them assigned to the petitioner. The decree adjudges that the balance of this debt had been paid by the heirs of Savage Smith, as reported by the Master; and gives a lien for one-half of that amount on the property in the possession of the petitioner, derived from the partnership estate of George and Savage Smith.
The petitioner also states, as a ground for a re-hearing, that the decree of June Term, 1850, allows the complainants, the heirs of Savage Smith, to proceed by a writ of fieri facias for the enforcement of their claim. This has been made a ground of appeal from that decree. It has been considered by the Court, and so much of the said decree, as is complained of in this particular, has been reversed by the decree of this Court, rendered during this Term.
In reference to the error alleged in the petition, as apparent on the face of the decree of the Court of Appeals, in respect to the amount paid by the heirs of Savage Smith, on the debt of Bird, Savage & Bird, it would, perhaps, be sufficient to refer to what has been said in the appeal decree which has been rendered during the present Term.
*541 A bill of review and a motion for a re-hearing are entertained on similar grounds. There are but two grounds on which either of those proceedings will lie. First; they will be entertained on account of error of law apparent upon the face of the decree: and any part of the record may be resorted to for the purpose of making such error of law in the decree manifest. This petition sets forth no error of law in the decree, and this Court perceives none.
The other ground upon which a bill of review, or a motion for a re-hearing, will be entertained, is newly discovered testimony; that is to say, testimony discovered since the trial. This testimony must be important and must materially vary the case made: it must not be cumulative as to the evidence which was before the Court upon the trial; and it must be such as the party, petitioning for a re-hearing, was not aware of before the trial, and could not by proper diligence and en-quiry have discovered. To which it may be added, that many of the authorities declare that it must be written testimony. As to the grounds upon which a re-hearing will be ordered, see Hinson vs. Pickett, 2 Hill Ch. 351.
The ground set down in this petition for a re hearing, is nothing more than alleged error of judgment on the part of the Court, in deciding upon an issue of fact. This is a very good ground of appeal, if well founded, where an appeal is taken from a lower to a higher tribunal, but I am not aware of any precedent for such cause being considered a ground for a re-hearing after a cause has been finally adjudicated. And more particularly is this assertion true, where the Court has had evidence before it, though that evidence might be doubtful. For it was held in Johnson vs. Lewis, (1 Rich. Eq. 390,) that a petition will not be allowed for supposed error in the conclusion of the Court drawn from doubtful or equivocal evidence. The rule was, in this case, unrelentingly applied, where the cause was decided by two Chancellors in opposition to the opinion of one of the Court and of the absent Chancellor who presided on the circuit.
*542 But, as has been before intimated, the Court perceives no error. It is satisfied with its conclusions as to the matter complained of. The petition is dismissed.
Johnston, Dunkin and Wardlaw, CC. concurred.